UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | SACV 17-02166 AG (JDEx) | Date | June 19, 2018 |
|---|---|---|---|
| Title | BRUCE FELT v. TEN-X, LLC ET AL. | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |

**Proceedings:** [IN CHAMBERS] ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS

This case concerns the disclosure requirements that a business owes a former employee regarding stock options granted as a part of an employee compensation package. Plaintiff Bruce Felt filed this lawsuit against his former employer, TEN-X, LLC, formerly known as Auction.com, LLC and referred to here as "the Company," and against some of the Company's shareholders and directors referred to as "the individual defendants." Felt contends that Defendants failed to disclose all the information that Felt was entitled to before the exercise period of his stock options expired.

Following the Court's order granting a stipulation by Felt and Defendants, Felt filed an amended complaint, referred to here simply as "the complaint." Now Defendants move to "dismiss Plaintiff's First Amended Complaint in its entirety . . . ." (Notice of Mot., Dkt. No. 31 at 1.)

Defendants' motion is DENIED as to the Company, and GRANTED WITH LEAVE TO AMEND as to the individual defendants. (Dkt. No. 31.)

## 1. BRIEF BACKGROUND

The following facts are taken from the complaint unless otherwise stated. As it must, the Court assumes all factual allegations in the complaint are true for the purposes of this motion. *See Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1014 (9th Cir. 2012).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | SACV 17-02166 AG (JDEx) | Date | June 19, 2018 |
|---|---|---|---|
| Title | BRUCE FELT v. TEN-X, LLC ET AL. | | |

Felt is the Company's former CEO. He worked for the Company from July 25, 2012 until June 6, 2014. When his employment with the Company ended, he had "fully vested options to purchase 808,827 of the Company's incentive common units [or "ICUs"] at a price greater than $4.76 per unit." (First Am. Compl., Dkt. No. 21 at ¶ 18) (hereinafter "FAC".) The "Confidential Transition and Separation Agreement and Release" between Felt and the Company provided that Felt would be able to exercise his options until three years from separation date, so until June 6, 2017. (*Id.* at ¶¶ 16, 19.) The agreement also provided that the Company would "provide [Felt] with all of the information it is obligated to provide its incentive common unit holders under applicable law and agreements . . . ." (*Id.* at ¶ 22.)

During the exercise period of Felt's options, the Company gave Felt only two types of financial information. First, Felt received the Company's valuation under Section 409A of the Internal Revenue Code "on an annual basis." (FAC, Dkt. No. 21 at ¶¶ 32–33.) And second, the Company sent Felt a "Confidential Disclosure Statement" around June 24, 2015. (*Id.* at ¶ 35.) The documents placed the value of the Company's ICUs at or below Felt's exercise price of $4.76 per unit. (*Id.* at ¶¶ 34–35.)

Felt also asked Company employees for information about the value of his options. (FAC, Dkt. No. 21 at ¶¶ 38–41.) The employees confirmed that the value of Felt's shares was at or below $4.76 per unit. (*Id.* at ¶¶ 39, 41.)

Two or three months before the expiration of Felt's exercise period, the Company offered its employees an opportunity to exchange their ICU options for restricted stock units (or "RSUs") in the ICUs. (FAC, Dkt. No. 21 at ¶ 56.) The exchange offered was three options for one RSU. (*Id.*) The Company did not offer Felt—by then a former employee—the opportunity to participate in the exchange. (*See id.* at ¶ 58.)

Felt never exercised any of his options before they expired on June 6, 2017. (*See* FAC, Dkt. No. 21 at ¶ 42.) On August 2, 2017, the Company announced that Thomas H. Lee Partners (or "THL") had agreed to purchase a controlling interest in the Company for $10.40 per share.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | SACV 17-02166 AG (JDEx) | Date | June 19, 2018 |
|---|---|---|---|
| Title | BRUCE FELT v. TEN-X, LLC ET AL. | | |

Felt then filed this lawsuit, alleging that he would have exercised his options if he had known the true value of the Company's ICUs. Felt's complaint purports to state five claims: (1) violation of federal securities law; (2) violation of California securities law; (3) breach of contract; (4) fraud; and (5) breach of fiduciary duty. The first four asserted claims are against the Company. The fifth asserted claim is brought against Stone Point Capital, LLC, Peter Mundheim, and Agha S. Khan. Felt alleges that Stone Point "was the controlling equity holder of the Company" at all relevant times. (FAC, Dkt. No. 21 at ¶ 4.) As for Mundheim and Khan, they're members "of the Company's Board of Directors appointed by Stone Point." (*Id.* at ¶¶ 5–6.)

## 2. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." With that liberal pleading standard, the purpose of a motion under Rule 12(b)(6) is "to test the formal sufficiency of the statement of the claim for relief." 5B C. Wright & A. Miller, Federal Practice and Procedure § 1356, p. 354 (3d ed. 2004). To survive a motion to dismiss, a complaint must contain sufficient factual material to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[D]etailed factual allegations" are not required. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In analyzing the complaint's sufficiency, a court must "accept[] all factual allegations in the complaint as true and constru[e] them in the light most favorable to the nonmoving party." *Skilstaf*, 669 F.3d at 1014. But the assumption of truth doesn't apply to legal conclusions. *Iqbal*, 556 U.S. at 678.

If a court dismisses certain claims, "[l]eave to amend should be granted unless the district court 'determines that the pleading could not possibly be cured by the allegation of other facts,'" *Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009) (quoting *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc)), or "if the plaintiff had several opportunities to amend its complaint and repeatedly failed to cure deficiencies." *Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010) (citation omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | SACV 17-02166 AG (JDEx) | Date | June 19, 2018 |
|---|---|---|---|
| Title | BRUCE FELT v. TEN-X, LLC ET AL. | | |

### 3. ANALYSIS

#### 3.1 Stock Options

Since Felt's asserted claims stem from the stock options he received from the Company, it's helpful to briefly explain how stock options work. A stock option is a contract between the company that issues the stock, or the "issuer," and the party that holds the option, or the "optionholder." Under the contract, the issuer reserves for a limited time called the "exercise period" an agreed-upon number of shares for the optionholder. During the exercise period, the optionholder has the right, but not the obligation, to purchase those shares at an agreed-upon price called the "exercise price," while the issuer may not sell those shares to anyone else. For an option to be properly formed, the optionholder must therefore provide some compensation to the issuer that restricts the issuer's right to sell its equity.

If the optionholder choses to exercise the options before their expiration, a second contract is formed. This time, the optionholder pays the exercise price and in exchange, receives equity in the company. Indeed until an option is exercised, the optionholder doesn't own any equity in the company. "Holders of unexercised stock options merely have a contractual right to purchase an equitable interest in a corporation at some later date." *In re Cendant Corp. Sec. Litig.,* 76 F. Supp. 2d 539, 550 (D.N.J. 1999). But like equity units, stock options are securities under the Securities Act of 1933 (which the Court refers to in this order simply as "the Act"). 15 U.S.C. § 77b(a)(1).

#### 3.1.2 Statement of a Claim against the Individual Defendants

Felt contends that Stone Point, Mundheim, and Khan breached the fiduciary duty that they owed to him in their capacities as controlling shareholders and directors. Since the Company is a Delaware LLC, the Court looks first to Delaware law. Under Delaware law, directors and controlling shareholders "owe their corporation and its minority shareholders a fiduciary obligation of honesty, loyalty, good faith and fairness." *Singer v. Magnavox Co.*, 380 A.2d 969, 976–77 (Del. 1977), *overruled on other grounds by Weinberger v. Uop*, 457 A.2d 701, 715 (Del. 1983). That much is well established. *Id.* But putting aside the parties' dispute over whether

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | SACV 17-02166 AG (JDEx) | Date | June 19, 2018 |
|---|---|---|---|
| Title | BRUCE FELT v. TEN-X, LLC ET AL. | | |

Felt sufficiently alleged that Stone Point was a controlling shareholder of the Company, a duty owed to a minority shareholder who owns equity isn't necessarily a duty owed to an optionholder who has no equity. Felt hasn't cited any authority to support a fiduciary duty owed to an optionholder. And in fact, the authority the Court has seen supports a finding of no fiduciary duty. *See, e.g.*, *Adrion v. Knight*, No. CIV.A. 07-11277-RGS, 2009 WL 3254342, at *15 (D. Mass. Sept. 9, 2009), *report and recommendation adopted in part, rejected in part*, No. CIVA07-11277-RGS, 2009 WL 3152885 (D. Mass. Sept. 28, 2009); *Herbal Care Sys., Inc. v. Plaza*, No. CV-06-2698-PHX-ROS, 2009 WL 692338, at *3 (D. Ariz. Mar. 17, 2009); *In re Cendant Corp. Sec. Litig.*, 76 F. Supp. 2d at 549–50; *Glinert v. Wickes Companies, Inc.*, No. CIV. A. 10407, 1990 WL 34703, at *9 (Del. Ch. Mar. 27, 1990) (unpublished), *aff'd*, 586 A.2d 1201 (Del. 1990). The Court finds the reasoning in these cases persuasive and likewise concludes that controlling shareholders and directors don't owe a fiduciary duty to a holder of unexercised stock options.

Felt's complaint is therefore properly dismissed against the individual defendants. But the Court grants Felt leave to amend his complaint against the individual defendants.

### 3.1.3  Statement of a Claim against the Company

Felt asserts four claims against the Company, starting with a federal securities law violation claim under Section 12(a) of the Act, 15 U.S.C. § 77l. That section provides for the civil liability of issuers in two ways. First, issuers are liable if they fail to comply with the registration requirements of the Act. 15 U.S.C. § 77l(a)(1). Second, issuers are liable when they sell securities using false or misleading statements. 15 U.S.C. § 77l(a)(2).

Felt argues that he has sufficiently pleaded both types of claims under Section 12(a). The Court begins with his asserted claim for the sale of unregistered securities under Section 12(a)(1).

Section 5 of the Act, 15 U.S.C. § 77e, lays out specific registration requirements that issuers of securities must follow unless they're subject to an exemption. One exemption concerns the offer and sales of securities under "certain compensatory benefits plans," and is found in Securities and Exchange Commission (or "SEC") Rule 701, 17 C.F.R. § 230.701. Here, the parties agree that Felt's stock options were issued as part of an employee compensation

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | SACV 17-02166 AG (JDEx) | Date | June 19, 2018 |
|---|---|---|---|
| Title | BRUCE FELT v. TEN-X, LLC ET AL. | | |

package, a conclusion that may be reasonably inferred from the allegations in the complaint. (*See* Mot. Memo, Dkt. No. 31-1 at 15; Opp'n, Dkt. No. 36 at 4; FAC, Dkt. No. 21 at ¶ 18.)

When Rule 701 applies, an issuer may sell unregistered securities. But as relevant here, Rule 701 lists disclosure requirements that an issuer must make. 17 C.F.R. § 230.701(e). Some apply to all issuers that seek to invoke the Rule 701 exemption. *Id.* The more burdensome disclosures, and those involved in this case, only apply "if the aggregate sales price or amount of securities sold during any consecutive 12-month period exceeds $ 5 million." *Id.* When the issuer has sold over $5 million in the relevant year, the issuer must, for example, provide financial statements "required to be furnished by Part F/S of Form 1-A," and the statements "must be as of a date no more than 180 days before the sale of securities in reliance on this exemption." 17 C.F.R. § 230.701(e)(4).

Here, Felt has alleged that, "[u]pon information and belief, the aggregate sales price of securities sold by the Company during the twelve months prior to June 6, 2017 exceeded . . . $5 million." (FAC, Dkt. No. 21 at ¶ 74.) And he alleges that the Company didn't provide him with, among other things, its "[f]inancial statements . . . as of a date no earlier than six months prior to the expiration of [his] options." (*Id.* at ¶ 75d.) That's enough to allege that the Company didn't comply with Rule 701. And if the Company didn't comply with Rule 701, it couldn't claim the Rule 701 exemption, and therefore improperly sold unregistered securities.

In short, Felt has stated a claim under Section 12(a)(1). Defendants therefore haven't shown that Felt's complaint "in its entirety" "fail[s] to state a claim upon which relief can be granted" against the Company, *see* Fed. R. Civ. P. 12(b)(6), even though Defendants "move this Court to dismiss Plaintiff's First Amended Complaint in its entirety and with prejudice." (Notice of Mot., Dkt. No. 31 at 1.) "A complaint may be dismissed for failure to state a claim only when it fails to state a cognizable legal theory or fails to allege sufficient factual support for its legal theories." *Caltex Plastics, Inc. v. Lockheed Martin Corp.*, 824 F.3d 1156, 1159 (9th Cir. 2016) (citing *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010)); *see also Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'") The Court DENIES Defendants' motion as to the Company.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | SACV 17-02166 AG (JDEx) | Date | June 19, 2018 |
|---|---|---|---|
| Title | BRUCE FELT v. TEN-X, LLC ET AL. | | |

## 4. DISPOSITION

Defendants' motion is DENIED as to the Company, and GRANTED WITH LEAVE TO AMEND as to the individual defendants. (Dkt. No. 31.) Felt may file an amended complaint **within 21 days** of this order.

| | : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |