BRANDON S. REIF (State Bar No. 214706)
breif@reiflawgroup.com
JUSTIN S. KIM (State Bar No. 234012)
jkim@reiflawgroup.com
REIF LAW GROUP, P.C.
1925 Century Park East, Suite 1700
Los Angeles, CA 90067
Tel: (310) 494-6500

CAROLYN HOECKER LUEDTKE (State Bar No. 207976)
carolyn.luedtke@mto.com
LAUREN C. BARNETT (State Bar No. 304301)
lauren.barnett@mto.com
MUNGER, TOLLES & OLSON, LLP
560 Mission Street, 27th Floor
San Francisco, CA 94105
Tel: (415) 512-4027
Fax: (415) 512-4077

Attorneys for Defendant TEN-X, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| BRUCE FELT,<br><br>        Plaintiff,<br>   vs.<br><br>TEN-X, LLC, fka AUCTION.COM, LLC,<br><br>        Defendant. | Case No. 8:17-CV-02166-AG-JDE<br><br>Assigned to: Hon. Andrew J. Guilford<br>Ctrm: 10D<br><br>**DEFENDANT TEN-X, LLC'S <u>AMENDED</u> ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT** |

Defendant Ten-X, LLC ("the Company" or "Defendant"), by and through its attorneys of record, submits its Amended Answer and Affirmative Defenses ("Answer") to the First Amended Complaint ("FAC") filed by Plaintiff Bruce Felt ("Plaintiff").

Defendant expressly reserves the right to amend its Answer, or seek leave to amend its Answer, and to modify and/or assert additional claims, defenses, counterclaims and third-party claims permitted by law. Except for the specific admissions interposed below, Defendant denies generally and specifically each and every other allegation in the FAC, including all purported claims; denies that Plaintiff is entitled to any equitable or legal relief, or to any damages whatsoever; and further denies that Plaintiff has sustained any loss, injury or damage as the proximate result of any act, breach or omission on the part of Defendant.

Defendant states on information and belief as follows:

### Introduction[1]

1.   Defendant admits that Plaintiff purports to bring this action asserting claims for violations of federal and state securities laws, breach of contract, and fraud against it. Defendant admits that Plaintiff alleges that the claims arise out of Defendant's alleged issuance of unregistered securities, but Defendant denies that the securities are "unqualified" or "non-exempt" or otherwise in violation of the federal or California securities laws, or that it breached a contract or misrepresented the value of the securities. Defendant denies the remaining allegations in Paragraph 1, including that it made any material omissions of fact, caused Plaintiff any resulting harm from his own decision not to exercise any of his vested stock options, and that such harm amounts to $4,561,784.

---

[1] To the extent the headings and subheadings in the FAC are intended to constitute factual allegations, Defendant lacks knowledge or information sufficient to form a belief as to the truth of any allegations in the FAC's headings or subheadings and therefore denies those allegations.

### Parties

2. Defendant admits that Plaintiff is a natural person. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 2.

3. Defendant admits the allegations in Paragraph 3.

4. Stone Point Capital, LLC ("Stone Point") was dismissed from this action pursuant to its Federal Rules of Civil Procedure Rule 12(b)(6) Motion. Because Plaintiff failed to timely amend his complaint, Stone Point is no longer a defendant in this action. Defendant admits that Stone Point is a limited liability company organized and existing pursuant to the laws of the State of Delaware and operates offices in New York City and Greenwich, Connecticut. Defendant denies the remaining allegations in Paragraph 4.

5. As with Stone Point, Peter Mundheim ("Mundheim") was dismissed pursuant to his Federal Rules of Civil Procedure Rule 12(b)(6) Motion and is no longer a defendant in this action. Defendant admits that Mundheim is a Principal and Counsel at Stone Point and that during the relevant time period he was a member of the Company's Board of Directors.

6. As with Stone Point, Agha S. Khan ("Khan") was dismissed pursuant to his Federal Rules of Civil Procedure Rule 12(b)(6) Motion and is no longer a defendant in this action. Defendant admits the allegations in Paragraph 6.

### Jurisdiction and Venue

7. Paragraph 7 contains conclusions of law to which no response is required. To the extent Paragraph 7 contains factual allegations to which a response is required, such allegations are admitted.

8. Paragraph 8 contains conclusions of law to which no response is required. To the extent Paragraph 8 contains factual allegations to which a response is required, such allegations are admitted.

9. Paragraph 9 contains conclusions of law to which no response is required. To the extent Paragraph 9 contains factual allegations to which a response is required, such allegations are admitted.

10. Paragraph 10 contains conclusions of law to which no response is required. To the extent Paragraph 10 contains factual allegations to which a response is required, such allegations are admitted.

11. Mundheim was dismissed pursuant to his Federal Rules of Civil Procedure Rule 12(b)(6) Motion and is no longer a defendant in this action. Paragraph 11 contains conclusions of law to which no response is required. To the extent Paragraph 11 contains factual allegations to which a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11, and on that basis, denies the allegations.

12. Khan was dismissed pursuant to his Federal Rules of Civil Procedure Rule 12(b)(6) Motion and is no longer a defendant in this action. Paragraph 12 contains conclusions of law to which no response is required. To the extent Paragraph 12 contains factual allegations to which a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12, and on that basis, denies the allegations.

13. Stone Point was dismissed pursuant to its Federal Rules of Civil Procedure Rule 12(b)(6) Motion and is no longer a defendant in this action. Paragraph 13 contains conclusions of law to which no response is required. To the extent Paragraph 13 contains factual allegations to which a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13, and on that basis, denies the allegations.

### Factual Allegations

14. Defendant admits the allegations in Paragraph 14 describing part of its business in online real estate sales.

15. Defendant admits the allegations in Paragraph 15.

16. Defendant admits that on or about April 29, 2014, Plaintiff and the Company entered into a Confidential Transition and Separation Agreement and Release ("Agreement") and that Plaintiff continued to be employed with the Company until June 6, 2014. Defendant denies the remaining allegations in Paragraph 16.

17. Defendant admits the allegations in Paragraph 17.

18. Defendant admits the allegations in Paragraph 18 that Plaintiff had vested stock options to purchase 808,827 units at the time his employment ended. Defendant denies the remaining allegations in Paragraph 18.

19. Defendant admits the allegations in Paragraph 19.

20. Paragraph 20 contains conclusions of law to which no response is required. To the extent Paragraph 20 contains factual allegations to which a response is required, such allegations are admitted.

21. Paragraph 21 contains conclusions of law to which no response is required. To the extent Paragraph 21 contains factual allegations to which a response is required, such allegations are admitted.

22. Paragraph 22 contains conclusions of law to which no response is required. To the extent Paragraph 22 contains factual allegations to which a response is required, such allegations are admitted.

23. Defendant admits the allegations in Paragraph 23.

24. Defendant admits the allegations in Paragraph 24.

25. Defendant denies the allegations in Paragraph 25.

26. Defendant denies the allegations in Paragraph 26.

27. Defendant denies the allegations in Paragraph 27.

28. Defendant denies the allegations in Paragraph 28.

29. Defendant denies the allegations in Paragraph 29.

30. Defendant denies the allegations in Paragraph 30.

31. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31, and on that basis, denies the allegations.

32. Defendant admits that the Company engaged a third-party valuation firm to prepare on a periodic basis a valuation of its shares pursuant to Section 409A of the Internal Revenue Code. Defendant denies the remaining allegations in Paragraph 32.

33. Defendant denies the allegations in paragraph 33.

34. Defendant denies the allegations in Paragraph 34.

35. Defendant admits that it was formerly known as Auction.com and that it sent Plaintiff a Confidential Disclosure Statement (the "2015 Statement") on or about June 24, 2015. Defendant denies the remaining allegations in Paragraph 35.

36. Defendant denies the allegations in Paragraph 36.

37. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37, and on that basis, denies the allegations.

38. Defendant denies the allegations in Paragraph 38.

39. Defendant denies the allegations in Paragraph 39.

40. Defendant denies that David Thompson was the Company's Chief Marketing Officer for the time period shortly before Plaintiff's options expired. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 40, and on that basis, denies the remaining allegations.

41. Defendant denies that Mr. Thompson was acting on behalf of the Company. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 41, and on that basis, denies the remaining allegations.

42. Defendant admits that Plaintiff did not exercise his options to purchase any common units before the expiration of his exercise period. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 42, and on that basis, denies the remaining allegations.

43. Defendant admits that on or about August 2, 2017, the Company announced that Thomas H. Lee Partners ("THL") had entered into an agreement to purchase a controlling interest in the Company. Defendant denies the remaining allegations in Paragraph 43.

44. Defendant denies the allegations in Paragraph 44.

45. Defendant denies the allegations in Paragraph 45.

46. Defendant denies the allegations in Paragraph 46.

47. Defendant denies that the price per common unit paid for by THL under the agreement announced on August 2, 2017 was $10.40. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 47, and on that basis, denies the remaining allegations.

48. Defendant denies the allegations in Paragraph 48.

49. Defendant denies the allegations in Paragraph 49.

50. Defendant admits that Plaintiff did not exercise his options to purchase any common units before the expiration of the exercise period. Defendant denies the remaining allegations in Paragraph 50.

51. Defendant admits that during the exercise period for Plaintiff's options, the Company did not file any periodic reports with the SEC. Defendant denies the remaining allegations in Paragraph 51.

52. Defendant denies that the Company did not deliver to Plaintiff the financial information required by state and Federal securities laws. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 52, and on that basis, denies the remaining allegations.

53. Defendant denies the allegations in Paragraph 53.

54. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54, and on that basis, denies the remaining allegations.

55. Defendant denies the allegations in Paragraph 55.

56. Defendant denies the allegations in Paragraph 56.

57. Defendant denies the allegations in Paragraph 57.

58. Defendant admits the allegations in Paragraph 58.

59. Defendant denies the allegations in Paragraph 59.

60. Defendant denies the allegations in Paragraph 60.

61. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61, and on that basis, denies the allegations.

62. Defendant denies the allegations in Paragraph 62.

63. Defendant denies the allegations in Paragraph 63.

### Count One—Federal Securities Law Violations

64. Defendant incorporates by reference the admissions, denials, and averments set forth above in answer to the preceding paragraphs of the First Amended Complaint as if fully set forth herein.

65. Paragraph 65 contains conclusions of law to which no response is required. To the extent Paragraph 65 contains factual allegations to which a response is required, such allegations are denied.

66. Paragraph 66 contains conclusions of law to which no response is required. To the extent Paragraph 66 contains factual allegations to which a response is required, such allegations are denied.

67. Paragraph 67 contains conclusions of law to which no response is required. To the extent Paragraph 67 contains factual allegations to which a response is required, such allegations are denied.

68. Paragraph 68 contains conclusions of law to which no response is required. To the extent Paragraph 68 contains factual allegations to which a response is required, such allegations are denied.

69. Paragraph 69 contains conclusions of law to which no response is required. To the extent Paragraph 69 contains factual allegations to which a response is required, such allegations are denied.

70. Paragraph 70 contains conclusions of law to which no response is required. To the extent Paragraph 70 contains factual allegations to which a response is required, such allegations are denied.

71. Paragraph 71 contains conclusions of law to which no response is required. To the extent Paragraph 71 contains factual allegations to which a response is required, such allegations are denied.

72. Defendant admits the allegations in Paragraph 72 but denies the allegations to the extent they purport to assert that there is a basis in fact or law for Plaintiff's claims.

73. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73, and on that basis, denies the allegations.

74. Defendant admits the allegations in Paragraph 74 but denies the allegations to the extent they purport to assert that there is a basis in fact or law for Plaintiff's claims.

75. Paragraph 75 contains conclusions of law to which no response is required. To the extent Paragraph 75 contains factual allegations to which a response is required, such allegations are denied.

76. Paragraph 76 contains conclusions of law to which no response is required. To the extent Paragraph 76 contains factual allegations to which a response is required, such allegations are denied.

77. Paragraph 77 contains conclusions of law to which no response is required. To the extent Paragraph 77 contains factual allegations to which a response is required, such allegations are denied.

78. Paragraph 78 contains conclusions of law to which no response is required. To the extent Paragraph 78 contains factual allegations to which a response is required, such allegations are denied.

79. Defendant denies the allegations in Paragraph 79.

80. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80 regarding whether Plaintiff would have exercised his options, and on that basis, denies the allegations. Defendant denies the remaining allegations in Paragraph 80.

81. Defendant denies the allegations in Paragraph 81.

## Count Two—California Securities Law Violations

82. Defendant incorporates by reference the admissions, denials, and averments set forth above in answer to the preceding paragraphs of the First Amended Complaint as if fully set forth herein.

83. Paragraph 83 contains conclusions of law to which no response is required. To the extent Paragraph 83 contains factual allegations to which a response is required, such allegations are denied.

84. Paragraph 84 contains conclusions of law to which no response is required. To the extent Paragraph 84 contains factual allegations to which a response is required, such allegations are denied.

85. Paragraph 85 contains conclusions of law to which no response is required. To the extent Paragraph 85 contains factual allegations to which a response is required, such allegations are denied.

86. Paragraph 86 contains conclusions of law to which no response is required. To the extent Paragraph 86 contains factual allegations to which a response is required, such allegations are denied.

87. Paragraph 87 contains conclusions of law to which no response is required. To the extent Paragraph 87 contains factual allegations to which a response is required, such allegations are denied.

88. Paragraph 88 contains conclusions of law to which no response is required. To the extent Paragraph 88 contains factual allegations to which a response is required, such allegations are denied.

89. Defendant denies the allegations in Paragraph 89.

90. Defendant denies the allegations in Paragraph 90.

91. Defendant denies the allegations in Paragraph 91.

### Count Three—Breach of Contract

92. Defendant incorporates by reference the admissions, denials, and averments set forth above in answer to the preceding paragraphs of the First Amended Complaint as if fully set forth herein.

93. Paragraph 93 contains conclusions of law to which no response is required. To the extent Paragraph 93 contains factual allegations to which a response is required, such allegations are denied.

94. Defendant denies the allegations in Paragraph 94.

95. Defendant denies the allegations in Paragraph 95.

### Count Four—Fraud

96. Defendant incorporates by reference the admissions, denials, and averments set forth above in answer to the preceding paragraphs of the First Amended Complaint as if fully set forth herein.

97. Defendant denies the allegations in Paragraph 97.

98. Paragraph 98 contains conclusions of law to which no response is required. To the extent Paragraph 98 contains factual allegations to which a response is required, such allegations are denied.

99. Defendant denies the allegations in Paragraph 99.

100. Paragraph 100 contains conclusions of law to which no response is required. To the extent Paragraph 100 contains factual allegations to which a response is required, such allegations are denied.

101. Paragraph 101 contains conclusions of law to which no response is required. To the extent Paragraph 101 contains factual allegations to which a response is required, such allegations are denied.

102. Defendant denies the allegations in Paragraph 102.

103. Defendant denies the allegations in Paragraph 103.

104. Defendant denies the allegations in Paragraph 104.

105. Defendant denies the allegations in Paragraph 105.

106. Paragraph 106 contains conclusions of law to which no response is required. To the extent Paragraph 106 contains factual allegations to which a response is required, such allegations are denied.

107. Defendant denies the allegations in Paragraph 107.

108. Paragraph 108 contains conclusions of law to which no response is required. To the extent Paragraph 108 contains factual allegations to which a response is required, such allegations are denied.

109. Defendant denies the allegations in Paragraph 109.

### Count Five—Breach of Fiduciary Duty

110 - 122. The breach of fiduciary claim was dismissed by the Court pursuant to the Individual Defendants' Federal Rules of Civil Procedure Rule 12(b)(6) motion.

### AFFIRMATIVE DEFENSES

Without assuming any burden of proof that would otherwise rest on Plaintiff, Defendant pleads the following affirmative defenses:

### First Affirmative Defense

Plaintiff has no right or standing to assert its claims against Defendant, which did not issue the options, did not furnish the valuation disclosures and could not execute Plaintiff's request, if any, to exercise the options.

### Second Affirmative Defense

Plaintiff knew or should have known of Defendant's financial condition and the risks associated with Defendant's business during the exercise period for his options, and Plaintiff assumed the risk that the value of the Defendant's common units could fluctuate during and after the exercise period.

### Third Affirmative Defense

Plaintiff neglected to exercise his options, and thus his rights to exercise his vested options expired pursuant to his Agreement with the Company.

### Fourth Affirmative Defense

Plaintiff has failed to mitigate any damages he may have suffered.

### Fifth Affirmative Defense

Under principles of contribution and indemnity, persons or entities other than Defendant are wholly or partially responsible for the purported damages, if any, Plaintiff has sustained.

### Sixth Affirmative Defense

Any recovery for damages allegedly incurred by Plaintiff, if any, is limited to the percentage of responsibility of Defendant in proportion to the total fault of all persons, whether or not named as parties to this action, who caused or contributed to Plaintiff's alleged damages, if any, pursuant to the proportionate liability provisions of the Private Securities Litigation Reform Act of 1995 ("PLSRA"), as codified at 15 U.S.C. § 78u-4(f)(3)(A).

### Seventh Affirmative Defense

Plaintiff's claims, in whole or in part, are not actionable to the extent that the alleged untrue statements of material fact, omissions of material fact, misleading

statements and/or other challenged statements made by Defendant fall within the Safe Harbor provisions of the PSLRA, as codified at 15 U.S.C. § 77z-2(c).

### Eighth Affirmative Defense

Plaintiff's claims, in whole or in part, are not actionable under the bespeaks caution doctrine because Defendant's alleged untrue or misleading forward-looking statements must be considered in the proper context in which they were made.

### Ninth Affirmative Defense

Plaintiff's claims fail, in whole or in part, because Defendant acted in good faith at all times.

### Tenth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel, release, and/or waiver.

### Eleventh Affirmative Defense

Plaintiff's claims are barred or limited, in whole or in part, by his own inequitable conduct, which constitutes unclean hands.

### Twelfth Affirmative Defense

Plaintiff's claim for breach of contract is barred because Plaintiff was the party who committed the initial, material breach of such contract.

### Thirteenth Affirmative Defense

Plaintiff failed to satisfy a condition precedent under the contract, and thus Defendant had no obligation to perform under the contract.

Defendant has insufficient knowledge or information on which to form a belief as to whether there may be additional affirmative defenses available to it. Defendant expressly reserves the right to plead additional affirmative and other defenses that may become available or apparent during this litigation.

WHEREFORE, Defendant respectfully requests as follows:

1. That judgment be entered in favor of Defendant;
2. That Plaintiff take nothing from Defendant by his FAC, and that it be dismissed with prejudice;
3. That Defendant be awarded the costs of defending this action, including reasonable attorneys' fees, costs and disbursements; and
4. For such other and further relief as this Court deems just and proper.

DATED: February 14, 2019            REIF LAW GROUP, P.C.
                                    BRANDON S. REIF
                                    JUSTIN S. KIM


                                    By:  */s/ Brandon S. Reif*
                                         BRANDON S. REIF
                                         Attorneys for TEN-X, LLC

DATED: February 14, 2019            MUNGER, TOLLES & OLSON LLP
                                    CAROLYN H. LUEDTKE
                                    LAUREN C. BARNETT


                                    By:  */s/ Carolyn H. Luedtke*
                                         CAROLYN H. LUEDTKE
                                         Attorneys for TEN-X, LLC

Pursuant to Local Civil Rule 5-4.3.4(a)(2)(i), the filing attorney certifies that all other signatories listed, and on whose behalf this filing is submitted, concur in this filing's content and have authorized its filing.

***FELT v. TEN-X LLC***
**USDC Case No. 8:17-CV-02166-AG-JDE**

**PROOF OF SERVICE**

I, CIAN WILLIAMS, declare:

I am employed in the County of Los Angeles, state of California. I am over the age of 18 and not a party to the within action. My business address is 1925 Century Park East, Suite 1700, California 90067.

On February 14, 2019, I served a copy of the following document.

By electronically filing the foregoing document with the Clerk of the United States District Court, Central District, using its ECF system, which electronically notifies the person on the attached service list at the email addresses registered with the ECF System.

I declare under the law of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on February 14, 2019 at Los Angeles, California.

*Cian Williams*
CIAN WILLIAMS

41168808.1

1

Case No. 8:17-CV-02166-AG-JDE

PROOF OF SERVICE

*FELT v. TEN-X LLC*
**USDC Case No. 8:17-CV-02166-AG-JDE**

**SERVICE LIST**

RICHARD GRIMM
Steven M. Oster
The Alameda, Suite 200 Santa Clara, CA 95050
Telephone: (650) 248-5487
Facsimile: (650) 618-9856
***Attorney for Plaintiff***

Email: richard@richardgrimm.com
Attorney for Plaintiff
Carolyn Hoecker Luedtke (SBN 207976)
Lauren C. Barnett (SBN 1304301)
MUNGER TOLLES & OLSON, LLP 560 Mission Street, 27th Floor San Francisco, CA 94105
Telephone: (415) 512-4027 Facsimile: (415) 512-4077
Email: Carolyn.Luedtke@mto.com
Lauren.Barnett@mto.com
***Attorneys for Defendants***